UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHAROLETT N. HATHORN**                                                                                      **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:06-CV-00189-KS-MTP**

**SANDERSON FARMS, INC.**                                                                                  **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on a motion to dismiss and/or to compel arbitration, filed by defendant Sanderson Farms, Inc. ("SFI") and Sanderson Farms, Inc. (Production Division) ("SFI PD").[1] **[docket #4]**. The court, having reviewed the motion and being fully advised in the premises, finds that the motion is well taken and should be granted. The court specifically finds as follows:

On February 1, 1997, the plaintiff, Charolett N. Hathorn, entered into a Hatching Egg Producer's Agreement with Sanderson Farms, Inc. (Production Division) (referred to as "SFI PD"). Under the agreement, Hathorn operated a breeder farm in Oakvale, Jefferson Davis County, Mississippi, until 2003.

On July 12, 2006, the plaintiff filed her present complaint in the Circuit Court of

---

[1] SFI (PD), who is not a defendant in this action but is one of the moving parties on the instant motion along with defendant SFI, has also moved to intervene and/or to dismiss SFI and substitute itself as a defendant. SFI (PD), a wholly-owned subsidiary of SFI, asserts that because it (not SFI) has a contractual relationship with Hathorn, it should be allowed to intervene or, in the alternative, it should be substituted as the proper defendant in this action. The plaintiff has not opposed this motion. The court hereby grants SFI (PD)'s motion to intervene in this action. Because of its disposition of the instant motion, the court need not reach SFI (PD)'s motion to dismiss/substitute.

Jefferson Davis County alleging that she was fraudulently induced into entering the agreement and complaining of specific obligations required of her by the defendant pursuant to the terms of the agreement and for its improper termination.[2] The defendant properly removed the action to this court and filed its Motion to Dismiss or Compel Arbitration.

On September 29, 2006, the parties jointly moved, *ore tenus*, to stay this matter pending the resolution of similar litigation in Don A. Steed, Et Ux., vs. Sanderson Farms, Inc., being Civil Action No. 2:05-CV-02146-KS-JMR.  The court thus stayed this action pending a ruling in the Steed case.  A final judgment was entered in the Steed case on October 16, 2006.  Pursuant to the terms of the stay order, the parties herein were given ten days from that date to supplement the briefing in this case if they chose to do so.  There has been no supplemental briefing nor any additional evidence submitted and this matter is ripe for decision.

The court finds that its ruling in Don A. Steed, Et Ux., vs. Sanderson Farms, Inc., being Civil Action No. 2:05-CV-02146-KS-JMR controls this case and that all of the plaintiff's claims are subject to a valid and binding arbitration agreement and that arbitration must be compelled.  Moreover, because "[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration," the court finds that the instant case should be dismissed rather than stayed. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992);

---

[2] In August of 2002, the plaintiff, along with two other growers had filed a class action suit against the defendant challenging the alleged wrongful practices of the defendant in its pay system.  In August of 2003, the plaintiff charges herein that the defendant terminated the 1997 agreement in retaliation for this class action suit.

*see also Hopkins v. Coldwell Real Estate Corp.*, 2006 U.S. Dist. LEXIS 58384, at *4 (N.D. Miss. 2006)(dismissing case without prejudice where all claims subject to arbitration agreement).

IT IS THEREFORE ORDERED AND ADJUDGED that defendant's and SFI (PD)'s motion to dismiss and/or to compel arbitration **[# 4]** is granted. The plaintiff's Complaint is hereby dismissed without prejudice and the parties are directed to proceed to arbitration on plaintiff's claims.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions are dismissed as moot.

A final judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 22nd day of March, 2007.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE